STEVEN D. WERTH, #121153
JANET H. LEADER, #139885
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
Telephone (415) 981-6630
Facsimile: (415) 982-1634

Attorneys for Defendants
GUARDSMARK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. F., and C. OLUKA,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GUARDSMARK, INC, SHERMAN FORD and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | No. C05-01222 CW<br><br>**STIPULATED PROTECTIVE ORDER** |

I. Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use of any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

1. Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth procedures that must be followed and reflects the standards that will be subject to the approval of this Court, the parties hereby stipulate to the following protective order:

2. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information or tangible things that qualify for protection under standards developed under F.R.C.P. 26(c).

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g).

3. Confidential documents shall be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

///

///

6.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified person" designated below:

    a.    A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c.    Court reporter(s) employed in this action;

    d.    A witness at any deposition or other proceeding in this action; and

    e.    Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form attached hereto, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.    Depositions shall be taken only in the presence of qualified persons.

8.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in the subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, directory or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9.    Nothing herein shall prohibit a party from disclosing its own Confidential Material as it deems appropriate.

///

10. Without written permission from the designating party or a court ordered secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material of any other party. A party may, however, choose to file its own Confidential Material without prior court order, in which event the said Confidential Material shall be entitled to the protections set forth in paragraph 5 of this Stipulated Protective Order.

11. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (I) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under F.R.C.P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

///

///

///

///

-4-
STIPULATED PROTECTIVE ORDER - CASE NO. C05-01222 CW

1  herein. Upon termination of this case, counsel for the parties shall assemble and return to each other
2  all documents, materials and deposition transcripts designated as confidential and all copies of same,
3  or shall certify the destruction thereof.
4  SO STIPULATED:
5  DATED: November 10, 2005                    BOXER & GERSON

                                              _____
                                              Leslie F. Levy
7                                             Attorney for Plaintiffs
                                              K.F. and C. Oluka

9  DATED: November 15, 2005                   LOW, BALL & LYNCH

                                              _____
                                              Steven D. Werth
11                                            Janet H. Leader
                                              Attorneys for Defendant
12                                            Guardsmark, L.L.C.

14 DATED: November ____, 2005                 LOMBARDI, LOPER & CONANT

                                              _____
16                                            Peter O. Glaessner
                                              Attorneys for Defendant
17                                            Sherman Ford

18 APPROVED AND SO ORDERED:

19 DATED: November ____, 2005                 _____
20                                            United States District Judge

-5-
STIPULATED PROTECTIVE ORDER - CASE NO. C05-01222 CW

shall certify the destruction thereof.

SO STIPULATED:

DATED: November ____, 2005        BOXER & LEVY

                                  _____
                                  Leslie Levy
                                  Attorney for Plaintiffs
                                  K.F., and Chuks Oluka

DATED: November ____, 2005        LOW, BALL & LYNCH

                                  _____
                                  Steven D. Werth
                                  Janet H. Leader
                                  Attorneys for Defendant
                                  Guardsmark L.L.C.

DATED: November 17, 2005          LOMBARDI, LOPER & CONANT

                                  /s/ Peter O. Glaesnner
                                  _____
                                  Peter O. Glaesnner
                                  Attorneys for Defendant
                                  Sherman Ford

APPROVED AND SO ORDERED:   BUT SEE L.R. 79-5.

DATED: November 30, 2005

                                          /s/ CLAUDIA WILKEN
                                  _____
                                  United States District Judge

-5-
STIPULATED PROTECTIVE ORDER

Stipulated Protective Order.doc